IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZUMI ELECTRONICS LLC,<br><br>       *Plaintiff*<br><br>  -against-<br><br>THE BURLINGTON INSURANCE COMPANY,<br><br>       *Defendant* | Civil Action No. 1:22-cv-09995<br><br>**ANSWER** |

  Defendant The Burlington Insurance Company ("Burlington"), by and through its attorneys, Adrian & Associates, LLC, answers the Complaint of Plaintiff Tzumi Electronics LLC as follows, with each heading and paragraph below corresponding to the respective heading and paragraph of the Complaint.

## THE PARTIES

  1. Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

  2. Burlington admits that it is an insurance company organized and existing under the laws of the state of Illinois and denies its principal of business is in North Carolina. Burlington avers its principal place of business is in Hartford, Connecticut.

## JURISDICTION

  3. The allegation in this paragraph is a conclusion of law to which no response is required.

  4. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Burlington admits it is an Illinois corporation

1

and has its principal place of business in Connecticut. Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## VENUE AND CHOICE OF LAW

6. The allegation in this paragraph is a conclusion of law to which no response is required.

7. Admits only that Burlington issues insurance policies to New York insureds which may or may not, depending on the circumstances, provide Burlington the right to fund the defense of a covered claim.

8. Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. The allegation in this paragraph is a conclusion of law to which no response is required.

10. Burlington admits it issued to Tzumi the Policy as defined in Paragraph 10 of the complaint. Burlington admits that Exhibit "1" to the Complaint is a copy of Burlington's August 10, 2022 Disclaimer letter.

11. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. To the extent a response is required, Burlington denies all allegations inconsistent with the Policy.

12. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. To the extent a response is required, Burlington denies all allegations inconsistent with the Policy.

13. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. To the extent a response is required, Burlington denies all allegations inconsistent with the Policy.

14. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. To the extent a response is required, Burlington denies all allegations inconsistent with the Policy.

### THE TALLEY ACTION

15. Burlington avers Exhibit "2" is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. To the extent a response is required, Burlington denies all allegations inconsistent with Exhibit "2".

16. Burlington avers the Exhibit "3" is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. To the extent a response is required, Burlington denies all allegations inconsistent with Exhibit "3".

17. The averments in this paragraph are denied as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

18. The averments in this paragraph are denied as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

### THE SETTLEMENT AGREEMENT

19. Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## BURLINGTON'S DENIALS

21. Admitted.

22. Burlington admits it denied coverage via letter on August 27, 2019 and refers to the same for a complete and accurate statement of its contents. Burlington admits Exhibit "4" to the complaint is a copy of Burlington's August 27, 2019 letter.

23. The allegations in this paragraph are denied as characterizations of a writing. Burlington avers Tzumi's July 20, 2022 letter is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

24. The allegations in this paragraph are denied as characterizations of a writing. Burlington avers its August 10, 2022 letter is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington admits Exhibit "1" is a copy of this letter.

## ALLEGATIONS OF DISPARAGEMENT ESTABLISH A POTENTIAL FOR COVERAGE UNDER POLICY OFFENSE (d)

25. The allegations in this paragraph are denied as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

26. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

**Element One – "Injury Arising out of" Offense (d) Is Alleged**

27. The allegations in this paragraph are denied as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

28. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

29. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

30. The allegations in this paragraph are denied as characterizations of a writing. Burlington avers the Policy letter is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. The remaining allegations set forth in this paragraph are conclusions of law to which no response is required.

31. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

32. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

33. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

34. Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

36.     The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

### Element Two – "Oral or Written Publication of Material" is Alleged

37.     The allegations in this paragraph are denied as characterizations of a writing. Burlington avers the Talley Action is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

38.     The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington further avers the allegations in this paragraph are denied as characterizations of a writing. Burlington avers the Talley Action and the SAV are writings which speaks for themselves and refers to the same for a complete and accurate statement of their contents.

39.     The allegations in this paragraph are denied as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

### Element Three – "Disparages a Person's or Organization's Good, Products or Services" Is Alleged

40.     The allegations in this paragraph are denied as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

41.     The allegations set forth in this paragraph are conclusions of law to which no response is required.

42.     The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

6

43. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington further denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

44. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington further denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

45. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington further denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

46. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington further denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

47. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

## ALLEGATIONS OF USING ANOTHER'S ADVERTISING IDEA ESTABLISH A POTENTIAL FOR COVERAGE UNDER POLICY OFFENSE (f)

### A Six-Element Test Applies to This Offense

48. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

49. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

50. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

51. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

### Element One – "Injury Arising out of" Offense (f) is Alleged

52. Burlington denies the allegations as characterizations of a writing. Burlington avers the Talley Action Complaint and SAC are writings which speaks for themselves and refers to the same for a complete and accurate statement of their contents.

53. Burlington denies the allegations as characterizations of a writing. Burlington avers the Talley Action Complaint and SAC are writings which speaks for themselves and refers to the same for a complete and accurate statement of their contents. Burling avers the remaining allegations set forth in this paragraph are conclusions of law to which no response is required.

### Element Two – An "Advertising Idea" Is Alleged

54. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

55. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

56. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington denies the remaining as characterizations of a writing and refers to the SAC for a complete and accurate statement of its contents.

57. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington denies the remaining as characterizations of a writing and refers to the SAC for a complete and accurate statement of its contents.

58. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

59. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

### Element Three – of "Another's" Is Alleged

60. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

61. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

62. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

63. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

64. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

65. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

66. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

67. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations. Burlington denies the remaining as characterizations of a writing and refers to the Policy for a complete and accurate statement of its contents.

68. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

69. The allegations set forth in this paragraph are conclusions of law to which no response is required.

70. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

71. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.  Burlington denies the remaining allegations as conclusions of law to which no response is required.

### Element Five – "In Your" Is Alleged

72. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

73. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

74. The allegations set forth in this paragraph are conclusions of law to which no response is required.

**Element Six – "Advertisement" Is Alleged**

75. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy and Disclaimer Letter are writings which speaks for themselves and refers to the same for a complete and accurate statement of their contents.

76. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

77. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

78. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

79. Burlington denies the allegations as characterizations of a writing. Burlington avers the SAC is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

80. The allegations set forth in this paragraph are conclusions of law to which no response is required.

## COUNT 1

## Declaratory Relief – Duty to Defend

81. Burlington re-asserts and incorporates herein its responses to all the preceding paragraphs.

82. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

83. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

84. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

85. Burlington denies the allegations as characterizations of a writing. Burlington avers the Talley Action is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

86. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

87. Admits that there is no coverage under the Policy.

88. The allegations set forth in this paragraph are conclusions of law to which no response is required.

## COUNT 2

## Breach of Contract

89. Burlington re-asserts and incorporates herein its responses to all the preceding paragraphs.

90. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents.

91. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92. Burlington denies the allegations as characterizations of a writing. Burlington avers the Policy is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

93. Burlington denies the allegations as characterizations of a writing. Burlington avers the Talley Action is a writing which speaks for itself and refers to the same for a complete and accurate statement of its contents. Burlington denies the remaining allegations as conclusions of law to which no response is required.

94. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

95. To the extent the allegations of this paragraph are characterizations of a writing, they are denied. Burlington's coverage positions are in writing, and it denies any characterization or allegation in this paragraph that is inconsistent with such writings. The remaining allegations

in this paragraph are conclusions of law to which no response is required. Burlington denies breaching the Policy.

96. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

97. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

98. The allegations set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Burlington denies the allegations.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

Neither Plaintiff's Complaint nor any cause of action asserted therein states facts sufficient to constitute a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiff's Complaint fails to set forth facts showing the existence of a justiciable claim.

### AS AND FOR A THIRD DEFENSE

All or some of the claims asserted in Plaintiff's Complaint are, or may be, barred by the applicable statute of limitations.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by reason of the doctrines of laches, collateral estoppel, and estoppel.

### AS AND FOR A FIFTH DEFENSE

All or some of the claims asserted in Plaintiff's Complaint are, or may be, barred by the Statute of Frauds and/or the prohibition against the introduction of parol evidence.

**AS AND FOR A SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiffs have unclean hands.

**AS AND FOR A SEVENTH DEFENSE**

All or some of the claims asserted in the Complaint are, or may be, barred because Plaintiffs have failed to join indispensable parties to this case.

**AS AND FOR AN EIGHTH DEFENSE**

Plaintiffs lack standing and/or capacity to bring this action.

**AS AND FOR A NINTH DEFENSE**

In the event it is determined that Burlington has any duties, obligations or liabilities to any party, those duties, obligations or liabilities are defined by, limited by and controlled by the Burlington Policy at issue, including the coverage defined therein and the exclusions, endorsements, conditions, and other terms there set forth, and the limits stated in the same.

**AS AND FOR A TENTH DEFENSE**

Any coverage afforded under the Burlington Policy is barred by, or is otherwise reduced by, the "Other Insurance" clauses contained in the Policy here at issue, and as a result may be rendered excess to the insurance coverage provided by any other insurer.

**AS AND FOR A ELEVENTH DEFENSE**

Plaintiff's Complaint does not allege an occurrence for which the Burlington Policy provides coverage.

**AS AND FOR AN TWELFTH DEFENSE**

Plaintiff's Complaint does not allege a "Personal and Advertising injury" for which the Burlington Policy provides coverage.

**AS AND FOR AN THIRTEENTH DEFENSE**

Coverage is or may be precluded under the Burlington Policy pursuant to the "Material Published With Knowledge Of Falsity" exclusion (CG 00 01 04 13).

**AS AND FOR AN FOURTEENTH DEFENSE**

Coverage is or may be precluded under the Burlington Policy pursuant to the "Wrong Description of Prices" exclusion (CG 00 01 04 13).

**AS AND FOR AN FIFTEENTH DEFENSE**

Coverage is or may be precluded under the Burlington Policy pursuant to the "Quality Or Performance Of Goods – Failure To Conform To Statements" exclusion (CG 00 01 04 13).

**AS AND FOR A SIXTEENTH DEFENSE**

Coverage is or may be precluded under the Burlington Policy pursuant to the "Recording and Distribution of Material in Violation of Law" exclusion (CG 00 01 04 13).

**AS AND FOR A SEVENTEENTH DEFENSE**

The Burlington Policy's Insuring Agreement does not provide coverage in connection with Plaintiff's claims.

**AS AND FOR A EIGHTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the limits of liability, endorsements, other terms, conditions, limitations and exclusions contained in or incorporated by reference, expressly or impliedly, in the Burlington Policy at issue.

**AS AND FOR A NINETEENTH DEFENSE**

The insured may have made material misrepresentations in its application for insurance thereby entitling Burlington to rescind the Commercial General Liability Policy *ab initio*.

**AS AND FOR A TWENTIETH DEFENSE**

Any attempt to assign any right under the Policy is invalid and not binding upon Burlington.

**AS AND FOR A TWENTY-FIRST DEFENSE**

Plaintiffs cannot maintain this action against Burlington on the Policy because the Policy expressly states that "No person or organization has a right under this Coverage Part" unless, in relevant part, there has been full compliance with all of the terms of this Coverage Part. To the extent Plaintiff has standing, it has not complied with this provision of the Burlington Policy.

**AS AND FOR A TWENTY-SECOND DEFENSE**

Any coverage owed to Plaintiffs have been forfeited to the extent parties seeking coverage under the Policy have failed to cooperate with Burlington as required by the Policy at issue.

**AS AND FOR AN TWENTY-THIRD DEFENSE**

In the event it is determined that Burlington has any duties, obligations, or liabilities to any insured and/or the Plaintiffs under the Burlington Policy, Burlington alleges that they are secondary to the duties, obligations, and liabilities of any other parties and/or non-parties to this suit.

**AS AND FOR A TWENTY-FOURTH DEFENSE**

In the event that Burlington is found to have any liability, such liability is restricted to the limits set forth in the Burlington Policy and is subject to any deductibles or similar amounts that may apply.

**AS AND FOR A TWENTY-FIFTH DEFENSE**

Coverage for the liabilities referred to in the Complaint under the Burlington Policy may be barred, in whole or in part, to the extent that Plaintiffs have voluntarily made any payments, assumed any obligation, or incurred any expense.

**AS AND FOR A TWENTY-SIXTH DEFENSE**

Coverage for the liabilities referred to in the Complaint under the Burlington Policy may be barred, in whole or in part, to the extent that Plaintiffs have failed to take reasonable measures to mitigate damages, expenses, and/or other legal fees and costs.

**AS AND FOR A TWENY-SEVENTH DEFENSE**

Coverage for the liabilities referred to in the Complaint under the Burlington Policy may be barred, in whole or in part, to the extent of Plaintiff's own non-compliance with the express terms and conditions of the Burlington Policy.

**AS AND FOR A TWENTY-EIGHTH DEFENSE**

Burlington has predicated the foregoing Answer and Defenses upon such reasonable investigation as could be accomplished within the time available, and upon such information as is currently known. Burlington and/or counsel may need to conduct additional investigations of all the facts as they become available that may ultimately bear upon the merits of the factual allegations, legal contentions and claims for relief made herein, as well as on the existence or terms of all insurance policies at issue. To the extent that further investigation, discovery in this proceeding or other developments make it necessary or appropriate to do so, Burlington expressly reserves the right to assert additional defenses, raise additional issues, and/or amend its Answer and Defenses as set forth herein.

## **AS AND FOR A TWENTY-NINTH DEFENSE**

Burlington does not provide Plaintiff defense or indemnity coverage under the Policy for any claims set forth in Plaintiff's Compliant under any coverage parts set forth in Item 1 of the Policy including but not limited to Personal and Advertising Injury and Comprehensive General Liability.

**WHEREFORE**, Burlington respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice, together with costs and reasonable attorneys' fees, and granting such further relief as this Court deems just and proper.

Dated: January 26, 2023
      New York, New York

                                                   **ADRIAN & ASSOCIATES, LLC**

                                                   /s/ James M. Adrian (1197)
                                                   James M. Adrian
                                                 330 East 48th Street, 2nd Floor
                                                 New York, New York 10017
                                                 (646) 632-3705
                                                 jim@adriancassidy.com
                                                 *Attorneys for Defendant*
                                                 *The Burlington Insurance Company*