**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Our File Number:
10964-003

**VIA ECF**                                                         February 13, 2023

The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

    Re:   ***Tzumi Electronics LLC v. The Burlington Insurance Company***
           Case No. 1:22-cv-09995-KPF
    •    **Pre-Motion Letter On Motion For Partial Summary Judgment**

Dear Judge Failla:

    Under Section 4(A) of your Individual Rules, Plaintiff Tzumi Electronics LLC requests a pre-motion conference on its proposed Motion for Partial Summary Judgment concerning: (1) Defendant The Burlington Insurance Company's duty to defend and indemnify Tzumi in the underlying action *Talley v. Tzumi Electronics LLC*, Southern District of New York Case No. 1:20-cv-04074-VM ("the Talley Action"); and (2) Burlington's breach of contract.

    "The duty to defend is broader than the duty to indemnify." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 443 (2002). "If the allegations of the complaint[s] are even potentially within the language of the insurance policy, there is a duty to defend." *Id.* "[I]n determining whether an insurance policy provides coverage, the court must look past the labels placed on the causes of action to the facts alleged in the underlying complaint[s]." *Bridge Metal Indus., LLC v. Travelers Indem. Co.*, 812 F. Supp. 2d 527, 537 n.8 (S.D.N.Y. 2011), *aff'd* 559 F. App'x 15 (2d Cir. 2014). Under New York law, insurers must also provide a defense "where, notwithstanding the complaint allegations, underlying facts made known to the insurer" create a reasonable possibility of coverage. *Fitzpatrick v. American Honda Motor Co.*, 78 N.Y.2d 61, 66, 70 (1991). Tzumi's motion can be adjudicated based on the complaint against Tzumi, the policy

and the additional evidence made known to Burlington, namely the proposed settlement agreement between the underlying plaintiffs and Tzumi which further clarified the anti-competitive effect of Tzumi's alleged advertising. No discovery is needed as to the duty to defend. The facts are undisputed as to the policy, underlying complaint and settlement agreement. The motion can be determined as a matter of law.

Burlington owed a duty of defense to Tzumi for the Talley Action because at least some allegations were potentially covered. Burlington's Policy provides coverage for "personal and advertising injury," which is defined in part as "injury … arising out of … [o]ral or written publication, in any manner, of material that … disparages a person's organization or organization's goods, products or services." The Talley Action alleged that Tzumi marketed its power bank products in a manner suggesting they possessed a greater charging capacity than they actually did. By promoting its products in this way, "the pricing of Tzumi's power products made them appear much more affordable than competitors' similar products that are not claimed to be deceptively labeled" implicitly disparaging Tzumi's competitors and took away "market share from competing products." Although the Talley Action was brought by consumers and not Tzumi's competitors, the policy does not require the disparaged party to be the claimant. The complaint also included claims under state statutes making acts injuring consumers actionable where competitors were rendered less favorably positioned to sell their products, including Cal. Civ. Code 1770(a)(8).

Potential coverage under the Policy does not require that disparagement be expressly alleged; implicit disparagement creates a defense obligation under New York law. "A party's characterization of the causes of action alleged…are not controlling…we…determine the nature of the claims based upon the facts alleged and not the conclusions which the pleader draws therefrom." *Syvertsen v. Great Am. Ins. Co.*, 700 N.Y.S.2d 289, 291-92 (N.Y. App. Div. 1990).

Disparagement can be found based on mere inferences if they are reasonably derived from facts alleged, as an Eastern District court concluded, citing California law which is consistent with New York law. *Dollar Phone Corp. v. St. Paul Fire & Marine Ins. Co.*, No. CV-09-1640 (DLI) (VVP), 2012 U.S. Dist. LEXIS 45591, *24 (E.D.N.Y. Mar. 9, 2012) ("This does not necessarily mean that the competitor's product must be identified by name and it may be enough that there be some identifying statement that compares the advertised product to those sold by competitors").

Finally, narrowly construed as required by New York law, no exclusions relied upon by Burlington avoid its duty to defend. "[I]f the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint[s] place that pleading[s] solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation." *Allstate Ins. Co. v. DiBartolo*, 618 N.Y.S.2d 828, 829 (1994); *Schlather, Strumbar, Parks & Salk, LLP v. OneBeacon Ins. Co.*, 2001 U.S. Dist. LEXIS 147931 at *19-20 (N.D.N.Y. Dec. 22, 2011) (in the context of exclusionary language, the term "arising out of" should be interpreted as narrowly as possible and any ambiguities must be construed in favor of the insured). The Policy broadly covers personal and advertising injury arising out of publications that disparage another's goods, products or services. While Burlington could have written a more specific exclusion that might have limited coverage to instances where only the claimant has alleged it was disparaged, as has been done in other forms, Burlington did not do so here. The allegations of disparagement do not "solely and entirely" fall within the exclusions from coverage.

Tzumi thus respectfully requests leave to file a motion for partial summary judgment.

Very truly yours,

*/s/ James A. Lowe*
James A. Lowe

cc:   James Adrian, Esq. (via ECF); Client

295225_1.docx