**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Our File No.
10964.003

June 29, 2023

**VIA EMAIL**
Failla_NYSDChambers@nysd.uscourts.gov

The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

  Re: *Tzumi Electronics LLC v. The Burlington Insurance Company*
    Case No. 1:22-cv-09995-KPF
    Letter Seeking Sanctions for Burlington's Failure to Produce Discovery

Dear Judge Failla:

  Tzumi Electronics LLC ("Tzumi") submits this letter pursuant to your Individual Rule 3.C to request a conference to discuss potential sanctions due to bad faith conduct by The Burlington Insurance Company ("Burlington") throughout the discovery process in violation of Fed. R. Civ. P. Rule 26.

  Tzumi sent its first Request for Production on March 29, 2023. After definitions and other preliminary portions, Tzumi sought documents responsive to only three categories:

1. All documents identified in or supporting YOUR Initial Disclosures.
2. All DOCUMENTS comprising or a part of YOUR claim file related to the CLAIM of Tzumi Electronics, LLC regarding any defense or indemnity of the lawsuit styled as Talley v. Tzumi Electronics LLC, Case No. 1:20-cv-04074-VM in the United States District Court of the Southern District of New York (the "Talley Action").
3. All COMMUNICATION between YOU and anyone concerning the CLAIM.

  Despite the modest scope of the request, Burlington did not respond for over two months. Although marked with a date of April 28, 2023, Burlington failed to actually send the response to

Tzumi until June 6, 2023. Burlington's response only asserted boilerplate objections and failed to produce any of the requested items not already known to be in Tzumi's possession. The only documents turned over were (1) Tzumi's insurance policy, (2) the underlying complaint, and (3) Burlington's three denial letters.

As required by your Individual Rule, Tzumi made good faith efforts to resolve the dispute without burdening the Court. Upon receiving the June 6, 2023 response, Tzumi submitted a letter to Burlington that same day. Therein, Tzumi noted both the tardiness and inadequacy of Burlington's response and requested that both parties' counsel meet and confer to address the situation in good faith. Later that day, Tzumi received an email from Burlington's counsel that stated, in its entirety, "The production will be supplemented." On June 7, 2023, David Gauntlett (counsel for Tzumi) met in person and conferred with James Adrien (counsel for Burlington) and secured a verbal promise that production would be supplemented.

To this day, Burlington has failed to deliver on that promise. Burlington has produced nothing in discovery.

Tzumi sent Burlington's counsel a letter on June 28, 2023, again complaining about the insurer's discovery failures and notifying Burlington that Tzumi would seek sanctions for its failure to produce any additional discovery documents in the 21 days since the conference in which its counsel promised to do so. Therefore, Tzumi respectfully requests a conference in which the Court can assess a proper sanction for Burlington's behavior. Tzumi apologizes for waiting until this date to make the request as the Court's Individual Rule advises against waiting until near the end of the discovery period, but Tzumi sought to give Burlington every opportunity to act in good faith according to its promise. Tzumi believed the representations made by Burlington's counsel.

Tzumi anticipates the Court will not want to extend the discovery period. Thus, Tzumi requests the sanction of an evidentiary exclusion. To wit, Burlington should not be allowed to submit testimony or documentary evidence at trial or in any motion pleading that includes or relies upon any evidence not provided to Tzumi in discovery, for example, anything in Burlington's claims file or any testimony by a Burlington claims handler.

For the foregoing reasons, Tzumi respectfully requests a conference to resolve this dispute and impose appropriate sanctions for Burlington's dilatory behavior.

Very truly yours,

*/s/ James A. Lowe*
James A. Lowe

cc: James Adrian <jim@adriancassidy.com> (via email)
Client