

July 5, 2023

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Court Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

  Re: ***Tzumi Electronics LLC v. The Burlington Insurance Company***
    Case No.: 1:22-cv-09995-KPF (S.D.N.Y)

Dear Judge Failla:

  We represent defendant, The Burlington Insurance Company ("Burlington"), in the above-captioned action. We write this letter as directed by the Court in response to the letter submitted by plaintiff Tzumi Electronics LLC ("Tzumi") on June 29, 2023 (Dkt. No. 32), seeking a conference to discuss sanctions for Burlington's alleged bad faith failure to produce discovery.

  Tzumi's letter vaguely cites Rule 26 of the Federal Rule of Civil Procedure as a basis for sanctions – without clarifying the provisions of Rule 26 it believes are applicable. That said, Tzumi does seek "a conference" to preclude Burlington from submitting evidence at trial or in any motion that relies upon any evidence not provided to Tzumi in discovery. Preclusion, however, is one of the most severe sanctions a court can issue. *See, e.g., Ritchie Risk- Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 156 (S.D.N.Y. 2012) ("[Preclusion of evidence is a harsh remedy," and "it should be imposed only in rare situations."); *Conte v. Newsday, Inc.,* No. CV 06-4859, 2011 WL 2671216, at *1 (E.D.N.Y. July 7, 2011) (collecting cases and "courts in this Circuit have recognized that preclusion is a 'harsh sanction.'" (citation and quotations omitted). It is within this context that Tzumi's request for sanctions should be considered.

  On June 6, 2023, Burlington responded to Tzumi's First Request for Production and produced the insurance policy at issue, the Complaint in the Talley Action, and various Burlington's coverage letters. On June 7, 2023, David Gauntlett (senior counsel for Tzumi) and James Adrian (counsel for Burlington) met in person at Adrian & Associates LLC in NYC. The meeting was not Court ordered, rather the parties met voluntarily to discuss the possible resolution of the matter. The parties generally discussed Burlington's discovery production (Burlington's email files were for some reason transcribed into Chinese and production was delayed) however the meeting almost entirely focused on the parties claims and defenses. To that end, the night before the meeting, Mr. Gauntlett independently provided Mr. Adrian a 21-page, single-spaced coverage analysis. During the meeting the parties discussed the strengths and weaknesses of their

parties' claims and defenses. Mr. Adrian solicited a settlement demand during the close of the meeting which was provided by Mr. Gauntlet. Mr. Adrian confirmed that he would review Plaintiff's coverage analysis and respond to the settlement demand. Later in June, Mr. Adrian met with Ben Bergin, of counsel for Adrian & Associates, to discuss Plaintiff's 21-page coverage analysis. Mr. Bergin is in the process of reviewing Plaintiff's coverage analysis and plans to meet with Mr. Adrian next week.

Upon receipt of Counsel Lowe's letter to the Court, Burlington, the following day, produced a detailed privilege log and a supplemental document production containing the following documents responsive to the three categories Tzumi enumerated in its First Request for Production:

1. All documents identified in or supporting YOUR Initial Disclosures.

Burlington's Document Production:

- CERTIFIED / RE-CERTIFIED / UNDERWRITING FILE REQUEST FORM for Policy No. 0895CAP0009761 requested by Lisa M. Boutylkine (TBIC000083)
- July 20, 2022, Ltr to Lisa M. Boutylkine requesting reconsideration of coverage from James A. Lowe (Tzumi) (TBIC000047 – 52)
- ACORD Liability of Notice of Occurrence Form dated 7/29/19 identifies Morris Sultan (TBIC000064 – 67)
- August 14, 2019, Ltr (with "return to sender" marked on the envelope) to Morris Sultan from Lisa M. Boutylkine informing Sultan that no coverage is available for this claim under the TBIC insurance policy (TBIC000016 – 21)
- August 27, 2019, Ltr (with USPS certified mail envelope) to Morris Sultan from Lisa M. Boutylkine informing Sultan that no coverage is available for this claim under the TBIC insurance policy (TBIC000077 – 82)
- June 12, 2020, Ltr to Morris Sultan from Lisa M. Boutylkine informing Sultan that there is still no coverage available for this claim under the TBIC insurance policy (TBIC000033 – 37)
- June 25, 2019, Ltr to Rena Haber, President of Tzumi, from Brenton J. Goodman (attorney for the underlying plaintiffs Sydney Talley and Lori Ervin) re: Notice and Demand for Corrective Action under Applicable Laws (TBIC000041-46)
- ACORD Liability of Notice of Occurrence Form dated 6/11/20 (TBIC000060-63)

2. All DOCUMENTS comprising or a part of YOUR claim file related to the CLAIM of Tzumi Electronics, LLC regarding any defense or indemnity of the lawsuit styled as Talley v. Tzumi Electronics LLC, Case No. 1:20-cv-04074-VM in the United States District Court of the Southern District of New York (the "Talley Action").

Burlington's Document Production:

- June 16, 2020: Ltr to Rena Haber, President of Tzumi, from Rick Pattavina (VP Claims Berkley Custom Insurance Managers) (TBIC000038 – 39)

- August 14, 2019, Ltr to Morris Sultan from Lisa M. Boutylkine informing Sultan that no coverage is available for this claim under the TBIC insurance policy (TBIC000022 – 26)
- August 27, 2019, Ltr to Morris Sultan from Lisa M. Boutylkine informing Sultan that no coverage is available for this claim under the TBIC insurance policy (TBIC000027 – 31)
- August 30, 2019, USPS Proof of Delivery  (TBIC000032)
- Certified-Tzumi Policy #0895CAP0009761 as of 7/29/22  (TBIC000084 – 148)
- June 18, 2020, USPS Proof of Delivery (TBIC000040)
- Certified-Tzumi Policy # 895BW60982 as of 12/13/22  (TBIC001199 – 1266)
- Certified-Tzumi Policy #0895CAP0009761 as of 12/8/22 (TBIC000149 – 213)
- Underwriting File 895BW60982 (TBIC000939 – 1198)
  Underwriting File 0895CAP00097 (TBIC000214 – 938)
- Claim File Redacted (TBIC000001 – 15)
- Tzumi CGL Renewal Quote dated 11/30/2018 (TBIC000068 – 76)

3. All COMMUNICATION between YOU and anyone concerning the CLAIM.

Burlington's Document Production:
- June 11, 2020: email to Lisa Boutylkine from Joan Hylton attaching the underlying class action complaint (TBIC001267)
- June 17, 2020: email from Lisa Boutylkine to Rick Pattavina providing coverage declination letters  (TBIC001268 - 1274)
- August 10, 2022: disclaimer letter to James Lowe from Adrian & Associates (TBIC000053 – 59)

As evidenced by the expedited response to Mr. Lowe's letter, Burlington's production, privilege log, and responses following the Court's June 30, 2023, notice (same day), Burlington was in the process of completing its document production and contemporaneously analyzing Tzumi's coverage analysis and settlement demand in order to provide a possible counter.

Plaintiff has not sought any depositions in this matter and advised the Court during the initial Court conference when seeking permission to file an expedited motion, that no discovery was necessary to resolve the parties' claims and defenses. Burlington has fully responded to Plaintiff's document demands and met with counsel. Plaintiff will not in any way be prejudiced by Burlington's rolling production and Burlington believes the Court's current schedule does not need to be modified. Consequently, Burlington respectfully believes that a conference addressing harsh evidentiary sanctions is unwarranted.

Respectfully Submitted,

*/s/ James M. Adrian*
James M. Adrian

cc: All Counsel of Record via ECF
Ben Bergin, Esq. Of Counsel