**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

TZUMI ELECTRONICS LLC,

                         Plaintiff,

             -against-

THE BURLINGTON INSURANCE COMPANY, an
Illinois Corporation,

                         Defendant.

----------------------------------------------------------------X

Civil Action No.  1:22-cv-09995-KPF

**DEFENDANT THE BURLINGTON INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY**
**JUDGMENT**

ADRIAN & ASSOCIATES, LLC
*Attorneys for Defendant*
330 East 48th Street, 2nd Floor
New York, New York 10017

# TABLE OF CONTENTS

I.      Preliminary Statement ................................................................................1

II.     Factual Background.....................................................................................3

III.    Standard Of Review....................................................................................5

IV.     The Underlying Action Is Not A Covered Claim Under The Burlington Policy ...............6

V. Coverage Is Barred By The Failure To Conform Exclusion ......................................8

VI.     Other Exclusions Also Bar Coverage .............................................................9

VII.    Tzumi's Position Is Unavailing ...................................................................10

VIII.   Tzumi's Breach Of Contract Claim Is Duplicative .........................................12

IX.     Conclusion...............................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*A.J. Sheepskin and Leather Co. v. Colonia Ins. Co.*, 723 A.D.2d 107 (1st Dep't, 2000) ................ 9

*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986) ........................................................ 6

*Atlantic Mutual Ins. Co. v. Terk Technologies Corp.*, 309 A.D.2d 22 (1st Dep't, 2000) ................ 9

*Burlington Ins. Co. v. NYC Transit Authority*, 29 N.Y.3d 313, 321 (N.Y. 2017) ........................... 6

*Connecticut Indem. Co. v. Der Travel Serv. Inc.*, 328 F.3d 347 (7th Cir. 2003) ........................... 9

*Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 122 ........................................................ 7

*Dollar Phone Corp. v. St. Paul Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 4559 ................. 8

*Duane Morris LLP v. Astor Holdings Inc.*, 61 A.D.3d 418 (1st Dep't, 2009) ............................... 6

*Flores v. City of New York*, 66 A.D.3d 599 (1st Dep't, 2009) ............................................... 6

*Kornfeld v. NRX Technologies, Inc.*, 62 N.Y.2d 686, 687 (1984) ........................................... 6

*Olin Corp. v. American Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012) .................................. 6

*Patsis v. Nicolia*, 120 A.D.3d 1326, 1327 (2d Dep't, 2014) ............................................... 7

*R/S Associates v. New York Job Development Authority*, 98 N.Y.2d 29, 32 (2002) ....................... 7

*Scottsdale Indem. Co. v. Beckerman*, 120 A.D.3d 1215, 1218 (N.Y. App. Div. 2014) ................... 8

*Ullman-Schneider v. Lacher & Lovell Taylor, P.C.*, 123 A.D.3d 415 (1st Dep't, 2014) ............... 12

*White v. Cont. Cas. Co.*, 9 N.Y.3d 264, 267 (2007) ........................................................ 6

*Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980) ............................................... 5

Defendant The Burlington Insurance Company (hereafter "Burlington"), by and through its attorneys Adrian & Associates, LLC, hereby submits this memorandum of law, along with all accompanying exhibits and declaration, in support of its motion for summary judgment declaring that Burlington is not obligated to defend or indemnify Plaintiff Tzumi Electronics LLC ("Tzumi") in connection with an underlying class action lawsuit styled as *Talley et al. v. Tzumi Electronics LLC,* Case No. 20 Civ. 4074 (the "Underlying Action") and other such relief as the Court deems proper.

I.    **Preliminary Statement**

Plaintiffs in the Underlying Action consist exclusively of Tzumi customers across various states, who assert that Tzumi's products were not as powerful as Tzumi advertised them to be. According to the Second Amended Complaint in the Underlying Action (the "SAC") (annexed to the Declaration of James M. Adrian as Exhibit "B"), Tzumi makes, markets, and distributes portable charging devices (or "power banks") for consumers across the country. According to the SAC, the capacity of Tzumi's power banks was significantly lower than Tzumi advertised and represented on its products.

Burlington issued an insurance policy to Tzumi that provides insurance coverage, subject to terms and conditions, for covered occurrences, including "advertising and personal injury." The Burlington Policy does not, however, provide coverage for anything remotely at issue in the SAC. In fact, the Burlington Policy explicitly excludes from coverage the kinds of claims asserted in the SAC.

Burlington has consistently denied coverage to Tzumi for the Underlying Action for those exact, plain and simple reasons: (i) the Underlying Action did not arise from an enumerated "advertising or personal injury" under the Burlington Policy; and (ii) the Underlying Action is

explicitly excluded from coverage because of various exclusions in the Burlington Policy that exclude coverage for claims arising out of Tzumi's alleged failure to conform its products to their advertising, as well as for false advertising, wrongful pricing and violations of state, federal or local trade laws, all of which are the exact claims plead in the Underlying Action.

Tzumi's position, as set forth in the instant complaint and its coverage correspondence, is that the SAC could potentially be read as a "disparagement" claim, which Tzumi contends would be covered under the Burlington Policy. Tzumi's position is far-fetched, manufactured, and incorrect. No disparagement is alleged in the SAC. Plaintiffs in the SAC are Tzumi consumers, not competitors: none of them would even have standing to allege that Tzumi had disparaged them (nor their products – of course, the underlying plaintiff-consumers do not claim to have any products for Tzumi to disparage in the first place). In its coverage correspondence (which Tzumi annexed to its Complaint), Tzumi becomes even more desperate, arguing that if Tzumi were to include the word "disparagement" in a draft of a proposed settlement agreement, that would constitute "extrinsic evidence" that would create coverage under the Burlington Policy. This argument is not supported by any authority and is somehow even more beyond the pale. If given effect, Tzumi's argument would essentially end the insurance industry: no insurer could ever issue a policy as it could never have any defense to coverage – regardless of how non-covered the claim, regardless of how unrelated to the coverage provided by the policy, the policyholder could simply magically create coverage by drafting a document that referenced a "covered" word, regardless of how unrelated to the actual claim made.

Tzumi's arguments are unmoored and unavailing. The Burlington Policy does not provide – and explicitly excludes – coverage for the exact kinds of claims set forth in the SAC.

As such, and for all of the foregoing reasons, Burlington respectfully submits its motion should be granted, and requests the Court declare that the Burlington Policy does not provide coverage in regards to the Underlying Action.

## II.   **Factual Background**

### *The Burlington Policy*

Burlington issued to Tzumi a commercial general liability policy number 0895CAP0009761 (the "Burlington Policy") for the policy period December 19, 2017, to December 19, 2018 (the "Policy Period").

The Insuring Agreement of the Burlington Policy, under "Coverage B. Personal and Advertising Injury Liability", holds that Burlington "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies," but also that Burlington "will have no duty to defend that insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply." (Burlington Policy, B.1.a., annexed to the Declaration of James M. Adrian as Exhibit "C".)

The Burlington Policy defines "personal and advertising injury" to include "bodily injury and injury arising out of false arrest, detention or imprisonment; malicious prosecution; wrongful eviction, wrongful entry; slander or libel or a person or organization's goods, products or services; publication of material that violates a person's right of privacy; the use of another's advertising idea; and copyright infringement. (Burlington Policy, 14.a-g.).

The Burlington Policy is subject to certain exclusions, which serve to bar coverage, including the following:

"'Personal and advertising injury' arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your 'advertisement.'" (Exclusion g. Hereafter the "Failure To Conform Exclusion").

"'Personal and advertising injury'" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity." (Exclusion b. Hereafter the "Knowledge Of Falsity Exclusion").

"'Personal and advertising injury'" arising out a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'" (Exclusion f. The "Breach of Contract Exclusion").

"'Personal and advertising injury'" arising directly or indirectly out of any action or omission that violates or is alleged to violate" applicable federal, state or local laws regarding the dissemination or distribution of materials. (Exclusion p.4., the "Distribution in Violation of Law Exclusion").

"'Personal and advertising injury'" arising out of the wrong description of the price of goods, products or services states in your 'advertisement.'" (Exclusion h. the "Wrong Description of Prices Exclusion").

### *The Underlying Action*

The Underlying Action is a class action brought by Tzumi customers across the country who allege that Tzumi's power banks are not as powerful as Tzumi holds them out to be. The SAC alleges breach of various consumer protection statutes alleging that Tzumi used deceptive advertising, overcharged for its products based on deceptive representations, and engaged in an array of false advertising practices in violation of a slew of state laws across different jurisdictions, including Texas, Florida, New York, Michigan and New Jersey.

4

Of note to the instant case, the SAC does not set forth any allegation of defamation, nor is any plaintiff in the Underlying Action a competitor of Tzumi.

### *The Declaratory Judgment Action*

Tzumi tendered coverage in connection with the Underlying Action to Burlington. On August 27, 2019, Burlington disclaimed coverage on the basis that the Underlying Action did not allege a covered claim or offense and based upon various exclusions. On July 20, 2022, Tzumi subsequently requested that Burlington reconsider its position. Specifically, Tzumi argued a draft settlement proposal that Tzumi itself had drafted constituted "extrinsic evidence" that the SAC was, in fact, an implied defamation claim, such as would be an enumerated offense and thus a covered occurrence under the Burlington Policy.

On August 9, 2022, Burlington again disclaimed coverage for the same reasons: i.e. the SAC does not allege a covered occurrence or offense, and coverage for the Underlying Action is in any case barred by the various exclusions referenced above. Burlington also noted that the SAC did not allege disparagement of any kind, a fact conceded by Tzumi.

On or around November 23, 2022, Tzumi filed the instant declaratory judgment action, seeking a judgment that Burlington has a duty to defend Tzumi in the Underlying Action and for breach of contract for Burlington's failure to defend and indemnify Tzumi in the Underlying Action.

Issue was joined on or around January 26, 2023, when Burlington filed its Answer with Affirmative Defenses.

### III.   <u>Standard of Review</u>

Summary judgment is warranted where there are no issues of fact, and the movant is entitled to judgment as a matter of law. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980).

It is well-settled law that where the moving party has established its entitlement to judgment as a matter of law, which Burlington does here, in order to defeat the motion, the opponent must oppose the motion with evidence in admissible form or cite specifically to missing facts that prevent it from opposing the motion; the mere hope that evidence sufficient to defeat a motion for summary judgment may unearth during the discovery process is insufficient to deny such a motion. *Flores v. City of New York,* 66 A.D.3d 599 (1st Dep't, 2009); *Duane Morris LLP v. Astor Holdings Inc.,* 61 A.D.3d 418 (1st Dep't, 2009).

It is well-settled that if no viable issue of fact exists, summary judgment is proper. *See Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986); *Kornfeld v. NRX Technologies, Inc.*, 62 N.Y.2d 686, 687 (1984).

### IV.    The Underlying Action Is Not A Covered Claim Under The Burlington Policy

Under New York law, an insurance policy must be construed according to its plain and unambiguous terms. *White v. Cont. Cas. Co.,* 9 N.Y.3d 264, 267 (2007); *Olin Corp. v. American Home Assur. Co.,* 704 F.3d 89, 99 (2d Cir. 2012). In other words, New York law treats insurance agreements to the ordinary "principles of contract interpretation", "giving full meaning and effect" to all contractual provisions. *Burlington Ins. Co. v. NYC Transit Authority,* 29 N.Y.3d 313, 321 (N.Y. 2017).

Here, under the plain and unambiguous terms of the Burlington Policy, the Policy simply does not provide coverage for the Underlying Action. The Burlington Policy explicitly states that Burlington "will have no duty to defend that insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply." (Burlington Policy, B.1.a.)

The Burlington Policy explicitly enumerates what allegations trigger "personal and advertising injury" as follows: "bodily injury" and injury arising out of false arrest, detention or imprisonment; malicious prosecution; wrongful eviction, wrongful entry; slander or libel or a person or organization's goods, products or services; publication of material that violates a person's right of privacy; the use of another's advertising idea; and copyright infringement. (Burlington Policy, B.14.a-g.).

None of the enumerated offenses are found within the SAC, nor indeed is anything akin to them found.

"When the terms of a written contract are clear and unambiguous, the intent of the parties must be found, within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations." *Patsis v. Nicolia,* 120 A.D.3d 1326, 1327 (2d Dep't, 2014). The Court of Appeals has held that "[w]e have long adhered to the sound rule in the construction of contracts, that where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language" as "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its own terms." *R/S Associates v. New York Job Development Authority,* 98 N.Y.2d 29, 32 (2002). Generally, "[i]nsurance contracts must be interpreted according to common speech and consistent with the reasonable expectations of the average insured." *Cragg v. Allstate Indem. Corp.,* 17 N.Y.3d 118, 122.

Here, the plain terms of the contract language establish as a matter of law that the Burlington Policy "will not" provide even a duty to defend claims that are not enumerated. The kinds of claims asserted in the SAC – i.e., false and misleading advertising  - are not covered

claims under the Burlington Policy. As such, Burlington is entitled to a declaration that no coverage for the Underlying Action exists for Tzumi under the Burlington Policy.

## V. <u>Coverage Is Barred By The Failure To Conform Exclusion</u>

The SAC does not allege a covered personal or advertising injury in the first place. Even if it did so, however, coverage would be barred pursuant to the <u>Failure To Conform Exclusion</u>.  The Failure To Conform Exclusion explicitly bars from coverage the exact kind of claims asserted in the Underlying Action. Specifically, it prohibits any coverage "arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your 'advertisement.'"

These are the exact allegations at issue in the Underlying Action. In "The Nature Of The Case" the SAC states that Tzumi "intentionally deceives consumers by misrepresenting the amount of power its Products" can generate, and that Tzumi "advertises its Products as delivering more mAh than its Products are able to provide" (SAC, ¶ 10) and that Tzumi's products "did not work as represented and warranted." (Id., ¶ 11).

It is well-settled that an "insurer's duty to defend is not triggered when the only possible interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion." *Scottsdale Indem. Co. v. Beckerman,* 120 A.D.3d 1215, 1218 (N.Y. App. Div. 2014).

A plain reading of the Failure To Conform Exclusion shows that it serves to bar coverage for the Underlying Action. New York courts interpreting similar exclusions, regarding similar underlying actions have found similarly. *See*, e.g., *Dollar Phone Corp. v. St. Paul Fire & Marine Ins. Co.,* 2012 U.S. Dist. LEXIS 45591.

The SAC alleges that Tzumi's products failed to conform to the representations, warranties and advertisements made by Tzumi about said products. That is the exact scenario for which the Failure To Conform Exclusion bars coverage.

## VI.    Other Exclusions Also Bar Coverage

As if that were not sufficient, the Burlington Policy is subject to other exclusions that further concretize that no coverage exists for the Underlying Action.

- The "Knowledge Of Falsity Exclusion" bars coverage for claims arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity." Here, the SAC alleges that Tzumi "intentionally deceives consumers by misrepresenting the amount of power its Products" can provide. (SAC, ¶ 10). Thus, the exclusion plainly bars coverage. *See*, e.g., *A.J. Sheepskin and Leather Co. v. Colonia Ins. Co.,* 723 A.D.2d 107 (1st Dep't, 2000); *Atlantic Mutual Ins. Co. v. Terk Technologies Corp.,* 309 A.D.2d 22 (1st Dep't, 2000); *Connecticut Indem. Co. v. Der Travel Serv. Inc.,* 328 F.3d 347 (7th Cir. 2003).

- The "Breach of Contract Exclusion" bars coverage for claims arising out a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement'". Here, the SAC alleges that Tzumi "breached an express warranty" with its customers. (*See*, e.g., SAC, ¶ 71).

- The "Distribution in Violation of Law Exclusion" bars coverage for claims arising directly or indirectly out of any action or omission that violates or is alleged to violate" applicable federal, state or local laws regarding the dissemination or distribution of materials. Here, the SAC explicitly alleges violations of a slew of applicable trade laws, including unfair or deceptive trade practices, unfair competition, and other consumer protection laws. (*See*,

*e.g.* SAC, Count I: Violation of Texas Deceptive Trade Practices-Consumer Protection Act).

- The "<u>Wrong Description of Prices Exclusion</u>" bars coverage for claims arising out of the wrong description of the price of goods, products or services stated in your 'advertisement'." The SAC explicitly alleges that "but for its deceptive [] representations, TZUMI could not have charged as high of a price as it did and consumers would be willing to pay less." (SAC, ¶ 67).

For all of the foregoing reasons, it is established as a matter of law that the Burlington Policy simply and unquestionably does not provide coverage for the Underlying Action. Burlington respectfully submits that it is entitled to a declaration to that effect.

## VII.   <u>Tzumi's Position Is Unavailing</u>

Despite the clear and unambiguous language of the Burlington Policy, Tzumi continues to assert that it is entitled to coverage, apparently based on two arguments, each unavailing. [1]

First, according to Tzumi's July 20, 2022 coverage letter, as well as the instant Complaint, Tzumi has taken the position that the SAC can be construed as making a disparagement claim. This argument fails for multiple reasons, the most obvious and damning being simply that the SAC does not set forth any disparagement claim. No violation of any statute relating to disparagement is alleged in the SAC. The word "disparagement" does not appear anywhere at all in the SAC. [2] Indeed, the kind of "disparagement" that constitutes an enumerated injury under the Burlington

---

[1] Herein Burlington addresses in brief the coverage positions taken, to the extent articulable, during Tzumi's coverage correspondence as well as the instant Complaint. Should Tzumi re-assert similar coverage positions, or indeed articulate new ones, in opposition to this motion, Burlington reserves the right to address them more fully in its reply brief in further support of the instant motion.

[2] Nor do the words "slander" or "libel."

10

Policy (i.e., one arising out of "slander or libel or a person or organization's goods, products or services") could not possibly be alleged in the SAC, which is brought exclusively by Tzumi consumers, not competitors. The plaintiffs in the Underlying Action would not even have standing in the first place to make such a claim.

Second, Tzumi has argued that because Tzumi drafted a version of a proposed settlement agreement in the Underlying Action, which purportedly was drafted to include "disparagement," therefore there is "extrinsic evidence" such that it must create coverage. This is, of course, nonsensical. No authority exists for such a document being the kind of "extrinsic evidence" that creates coverage from beyond the four walls of the underlying complaint. Furthermore, such an argument, if countenanced by the Court, would put an end to the insurance industry, as it would essentially render any coverage defense non-existent: any non-covered defendant would simply propose a settlement (in whatever amount the plaintiff would accept) and draft a proposed settlement agreement so as to include a covered claim, regardless of whether it had anything to do with the underlying complaint, and thus force the insurer to cover its settlement. Insurers would not be able to issue policies because the policyholder could create coverage for anything, regardless of how unrelated to the policy as drafted.

In any event, lest there be any confusion, as noted above, the Burlington Policy is subject to various exclusions that explicitly bar coverage for the exact claims made in the SAC. As such, even if the Court considered Tzumi's outlandish theory of an implied disparagement claim, any possible coverage would be barred by the applicable exclusions.

As noted above, to the extent that Tzumi re-asserts these positions by way of opposition brief to the instant motion (or articulates new coverage positions), Burlington reserves the right to address them more fully, and any purported support therefore, in its reply brief in further support

of this motion. Notwithstanding such an eventuality, it is clear that the Tzumi positions as taken thus far are unsustainable as a matter of law and would require the Court to not only re-write the Burlington Policy, but entirely overhaul both New York insurance law and the insurance industry itself. As such, such arguments should not be countenanced, nor should they be any possible bar to summary judgment in Burlington's favor.

### VIII.   <u>Tzumi's Breach Of Contract Claim Is Duplicative</u>

Tzumi's complaint sets forth two causes of action. The first count seeks a declaration that Burlington has a duty to defend Tzumi in the Underlying Action. The second is for breach of contract, alleging that Burlington breached the Burlington Policy in refusing to defend Tzumi in the Underlying Action. The two claims arise from the same contract (the Burlington Policy), seek the same remedy (defense costs and settlement payments made by Tzumi), rely upon identical factual allegations, and are even phrased almost identically. Where a cause of action repeats the same allegations almost verbatim and seeks identical relief, it will be dismissed as duplicative. *See, Ullman-Schneider v. Lacher & Lovell Taylor, P.C.,* 123 A.D.3d 415 (1st Dep't, 2014).

As such, to the extent that the Court denies Burlington's motion (which, for all the reasons set forth above, Burlington respectfully submits it should not), nonetheless, at a minimum, Tzumi's breach of contract claim should be dismissed.

### IX.   <u>Conclusion</u>

For the reasons set forth above, Burlington respectfully submits that the Court should grant Burlington's Motion for Summary Judgment.

Dated: New York, New York
      July 31, 2023

**ADRIAN & ASSOCIATES, LLC**

By: /s/ James M. Adrian

James M. Adrian, Esq.
330 East 48th St, 2nd Floor
New York, NY 10017
T: 646-632-3705
E: jim@adriancassidy.com
*Counsel for Burlington*