**MANDATE**

24-342-cv
Tzumi Elecs. LLC v. The Burlington Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

TZUMI ELECTRONICS LLC,

*Plaintiff-Appellant*,

v.                                                       No. 24-342-cv

THE BURLINGTON INSURANCE
COMPANY, AN ILLINOIS
CORPORATION,

*Defendant-Appellee*.

------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/2025

MANDATE ISSUED ON 01/16/2025

| | |
|---|---|
| FOR APPELLANT: | DAVID A. GAUNTLETT, Gauntlett & Associates, Newport Coast, CA |
| FOR APPELLEE: | JAMES M. ADRIAN, Adrian & Associates, LLC, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Tzumi Electronics LLC appeals from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*) granting summary judgment in favor of The Burlington Insurance Company and denying Tzumi's motion for partial summary judgment. Tzumi sought a declaratory judgment that a commercial general liability policy required Burlington to defend and indemnify Tzumi in an underlying consumer class action lawsuit alleging that Tzumi misrepresented the charging capacity of certain power bank devices that it sold. Burlington denied coverage because the complaint against Tzumi did not allege "disparagement" of any of Tzumi's competitors and, in any event, various exclusions in the policy applied to bar coverage. We assume the

2

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review the District Court's grant of summary judgment *de novo*, construing all evidence in the light most favorable to the non-moving party." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016).  We will affirm a grant of summary judgment if "there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law."  *Id.*; *see* Fed. R. Civ. P. 56(a).

The core dispute on summary judgment was whether the underlying consumer action against Tzumi fell within the insurance policy's coverage of claims for "personal and advertising injury," defined in relevant part to encompass claims "arising out of . . . publication, in any manner, of material that . . . disparages a person's or organization's goods, products or services." Joint App'x 233, 242.  Tzumi argues that the underlying complaint against it *did* allege disparagement of its competitors.  It points in particular to the complaint's "[r]eferences [t]o Cal. Civil Code § 1770(a)(8)," Appellant's Br. 19, which allows consumers to seek damages for "[d]isparag[ement] [of] the goods, services, or business of another by false or misleading representation of fact," Cal. Civ. Code § 1770(a)(8).  We disagree.

3

As the District Court observed, the underlying complaint contains merely a "passing citation to the entirety of the California false advertising statute, as part of a longer list of general citations to the consumer protection statutes of eleven states." *Tzumi Elecs. LLC v. Burlington Ins. Co.*, No. 22-CV-9995, 2024 WL 217764, at *6 (S.D.N.Y. Jan. 19, 2024). The complaint never specifically references § 1770(a)(8). Nor does the complaint contain factual allegations that could reasonably be construed as supporting a disparagement claim. The misrepresentations at issue "did not include any assertions that reflected on competitor products and thus cannot support a claim of disparagement." *Tzumi Innovations, LLC v. Twin City Fire Ins. Co.*, No. 23-1241-cv, 2024 WL 1338804, at *2 (2d Cir. Mar. 29, 2024) (rejecting a similar theory of coverage).

Tzumi also contends that the District Court failed to properly consider the Settlement Agreement entered in the underlying action as "extrinsic evidence" of the scope of the allegations in the underlying complaint. The Settlement Agreement contains various recitals arguably relevant to Tzumi's theory of coverage:

> WHEREAS, Tzumi interprets the allegations in the Complaint as alleging that Tzumi implicitly asserted that its power products were of significantly higher value but at a lower price than similar products of its competitors, implicitly negatively

4

> comparing competing products, implying that competitors' products . . . were overpriced; and
>
> WHEREAS, Tzumi interprets the allegations in the Complaint as alleging that Tzumi's implicit disparagement of its competitors has a tendency to acquire for Tzumi more market share in the portable power bank market . . . ; and
>
> WHEREAS, Tzumi interprets the allegations in the Complaint as alleging that Plaintiffs and putative class members have been substantially harmed by Tzumi's implicitly disparaging advertising actions about its power bank products that have unfairly taken market share from competing products by . . . diminishing the relative value of all competitors' power products by implied invidious comparison with competitors' power products . . . .

Joint App'x 282–83. But these recitals on their face simply reflect the way Tzumi interprets the allegations. They shed no light on the actual substance of the underlying complaint. Indeed, an insurer's duty to defend depends on whether "the allegations of the complaint suggest . . . a reasonable possibility of coverage," not whether the insured construes or interprets the allegations as such. *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (quotation marks omitted); *see Brooklyn Ctr. for Psychotherapy, Inc. v. Phila. Indem. Ins. Co.*, 955 F.3d 305, 310 (2d Cir. 2020). Considered in light of the entire record, the recitals in the Settlement Agreement support the District Court's conclusion that Tzumi "sought to transmogrify the actual allegations made in the Underlying

5

Complaint into something resembling a covered disparagement claim." *Tzumi Elecs. LLC*, 2024 WL 217764, at *6.

Based on our review of the admissible record evidence to which Tzumi points, we agree that Tzumi failed to raise a genuine dispute of material fact as to whether the consumer action fell within the insurance policy's coverage of claims for "personal and advertising injury." The District Court thus correctly determined that "there is no possible factual or legal basis on which [Burlington] might eventually be obligated to indemnify [Tzumi] under any policy provision." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 445 (2002) (quotation marks omitted); *see High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 95 (2d Cir. 2018). We therefore need not address Burlington's arguments that various exclusions in the insurance policy independently operate to bar coverage.

We have considered Tzumi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6